# COMMON PLEAS COURT

---

No. 821

. STRATTON v. CAMPBELL et

Hamilton Common Pleas

No. 201, 411.

**159. BOARD OF EDUCATION—1. No member of Board of Education shall have, directly or indirectly, any pecuniary interest in any contract of the Board.**

**2. A contract made with a member of the Board for purchase of land is absolutely void and any action taken by the Board subsequent to the contract of purchase is equally void.**

**3. A taxpayer may bring an action to enjoin the Board from completing such a contract.**

ROETTINGER, J.

Charles Stratton, a taxpayer, brought an astion to restrain the Board of Education of Newton, Ohio, of which Charles Campbell was a duly elected and qualified member, from purchasing property of the said Campbell for a site to be used in the erection of a school building.

While Campbell was president of the 'Board, said Board by resolution prior to Feb. 23, 1926, agreed to purchase said property. On March 29, 1926 a resolution rescinding this action was passed. On Feb. 15, 1926 it seems that the Campbells conveyed to Alfred Pfau, their attorney, the property in question, he in turn to grant same to the Board. This deed was recorded April 8, 1926.

It was claimed by Stratton that the proposed conveyance to the Board was illegal for the reason that Campbell as a member of the Board, by reason of 4757 GC. counld have no pecuniary interest in any contract of the Board; that the conveyance to Pfau was not in good faith and was made for the sole purpose of enabling the Board to evade the law which prevents a School Board from purchasing property owned by one of its members; and that Pfau held title for a short time for Campbell's benefit and at no time had any real interest in the property. The Common Pleas Court held:

1. If the date of the execution of the deed to Pfau is to govern, then the action of the Board in agreeing to purchase the land on Feb. 23, 1926 was without force and effect because Campbell at that time, did not own the property.

2. Mr. Pfau is a member of the bar in good standing and testified frankly that at no time did he have the slightest idea of making a real purchase of the lots nor did he have any interest in same except as payment for legal services.

3. There was no force in the transfer between the Campbells and Pfau, and the matter will be considered in the light as if the transfer had been from the Campbells to the Board direct.

4. A sale of goods by a partnership to a Board of Education, the same person being both a member of such partnership and a member of such Board, is void. Grant v. Brouse, 10 N.P. 145.

5. Any resident taxpayer of such school district may maintain an action to restrain such Board from paying on such contract.

· 6. Neither the Board, Dr. Campbell or his wife, or Mr. Pfau had any intention of defrauding the public in any way, for Dr. Campbell may have been actuated by a spirit of civic patriotism or his property may be the best and most logical place for the building; but these are all beside the issue when the law is to be construed.

7. A contract of this sort is absolutely void and not merely voidable so that every step taken subsequent to the contract of purchase of the land was equally void. The equities are in favor of the plaintiff and decree accordingly.

Attorneys—Mallon & Vondenberg and Harry E. Marble for Stratton; Charles S. Bell, Pros. Atty., and Chester S. Durr, Asst. Pros. Atty., for Campbell, et; all of Cincinnati.